(C.D. 2871)

EXPRESS FORWARDING & STORAGE CO., INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided January 18, 1967)

*Siegel, Mandell & Davidson* for the plaintiff.
*Barefoot Sanders*, Assistant Attorney General, for the defendant.

Before RAO and FORD, Judges

RAO, Chief Judge: The above-enumerated protest controverts the classification by the collector of customs of certain plastic spools for tape recorders as articles or wares, not specially provided for, composed wholly or in chief value of aluminum, in paragraph 397 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade,

91 Treas. Dec. 150, T.D. 54108, by virtue of the similitude provision of paragraph 1559 of said tariff act, as amended, and the assessment of duty thereon at the rate of 19 per centum ad valorem.

Plaintiff herein contends that the merchandise in issue should properly have been classified as parts of articles having as an essential feature an electrical element or device in paragraph 353 of said act, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, by virtue of the similitude provisions in said paragraph 1559, and subjected to duty at the rate of 13¾ per centum ad valorem.

This case has been submitted for decision upon the following stipulation of fact:

IT IS STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States:

That the items marked "A", and checked JOB (Examiner's initials) by Examiner J O'Brien (Examiner's name) on the invoices covered by the protest enumerated above and made a part hereof, and assessed with duty at 19 per centum ad valorem under the provisions of paragraph 397, Tariff Act of 1930, as modified, and paragraph 1559 of said Act, as amended, consist of spools for tape recorders.

That in fact said plastic spools are most similar in use to metal spools which are dedicated to use with tape recorders, which tape recorders are, in fact, articles having as an essential feature an electrical element or device.

That it is claimed that said merchandise is properly classifiable as parts of articles having as an essential feature an electrical element or device at 13¾% within paragraph 353 of said Act, as modified, by virtue of the similitude provisions in said paragraph 1559.

That the protest be deemed submitted on this stipulation, the protest being limited to the items marked with the letter "A" as aforesaid, and abandoned as to all other items.

Upon the agreed facts of record, we hold that the items of merchandise marked and initialed as aforesaid should properly have been classified as parts of articles having as an essential feature an electrical element or device in paragraph 353 of the Tariff Act of 1930, as modified by the Torquay protocol, *supra*, by virtue of the similitude provisions of paragraph 1559, and subjected to duty at the rate of 13¾ per centum ad valorem. The claim in the protest to that effect is, therefore, sustained. As to all other merchandise and all other claims, the protest, having been abandoned, is dismissed.

Judgment will be entered accordingly.